**Robert F. CHRISTIAN, II, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–165C.**

United States Court of Federal Claims.

May 3, 2004.

John K. Larkins, Jr., Law Offices of Chilivis, Cochran, Larkins & Bever, LLP, Atlanta, GA, for plaintiff. Nickolas P. Chilivis, Law Offices of Chilivis, Cochran, Larkins & Bever, LLP, Atlanta, GA, of counsel.

Douglas K. Mickle, with whom were Todd Hughes, Assistant Director, David M. Cohen, Director, Commercial Litigaton Branch, and Peter D. Kiesler, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant. Lt. Col. Vanessa Crockford and Major Louis A. Birdsong, Military Personnel Branch, Army Litigation Division, U.S. Department of the Army, Arlington, VA, of counsel.

### *ORDER*

SMITH, Senior Judge.

The United States Court of Appeals for the Federal Circuit, in *Christian v. United States,* 337 F.3d 1338 (Fed.Cir.2003), ordered this Court to remand the present case to the Secretary of the Army for proceedings in accordance with the decision of the Federal Circuit. The mandate was issued on October 10, 2003. This Court then withheld action, after discussion with the parties, so that a writ of certiorari might be petitioned for. This petition was denied by the United States Supreme Court on April 5, 2004. Thus, this Court must now assume the mandate issued to it by the United States Court of Appeals for the Federal Circuit.

Plaintiffs filed with this Court a Motion to Remand with Instructions on April 9, 2004, suggesting that the Court remand to the Secretary of the Army with instructions modeled on those issued by the well-reasoned opinion of the Court in *Christensen v. United*

*States,* 60 Fed.Cl. 19 (2004). After a discussion with the parties on April 28, 2004, the Court has determined that it will instead retain the mandate for ninety days, in the interests of judicial economy and to ensure the protection of the rights of the Plaintiffs going forward. The Court therefore DENIES Plaintiff's motion.

On July 29, 2004, the Court will issue a final order remanding this case to the Secretary of the Army. The Court believes that the interests of justice will be best served by a remand order which provides specific guidance to the Secretary of the Army and which will hopefully prevent a lengthy and delayed *ex post* challenge to the Secretary's chosen procedures. The Court recognizes the importance of the Secretary of the Army retaining discretion to determine the best method to conduct the harmless error analysis required by the Federal Circuit, and the Court expects that the Secretary of the Army or his designee will bear the brunt of the responsibility for drafting a proposed remand order for this Court to issue which indicates what procedures the Secretary believes best while protecting the rights of the Plaintiffs. The proposed remand order should provide sufficient specificity about the manner in which the Secretary intends to conduct the required harmless error review for this Court to review it and make a determination as to its fairness to the Plaintiffs. The Court believes that this approach will respect the discretion of the Secretary for the Army better than if the Court issued a peremptory remand order without the full benefit of the parties' input. The Court takes this approach because it believes that one pre-determination procedural review now is far more efficient than possibly hundreds of post-determination procedural reviews in the future.

The parties shall communicate with each other as the proposed remand order is being drafted, so that by July 15, 2004, the parties will have either reached an agreement or have been able to specify the issues on which they differ with respect to the proposed order. The parties are hereby ORDERED to file a status report with the Court on or before July 15, 2004, which states the issues on which they are in agreement and the issues on which they still have differences on this matter. If the parties are incapable of reaching a substantial agreement as to the content of the remand order, then the parties may each submit their version of a proposed order. It is this Court's sincere hope, though, that the parties can reach an agreement and jointly submit a stipulated order. If this is not the case, any differences will be resolved after argument at a hearing before this Court, which is hereby SCHEDULED for July 29, 2004, at 2:30 P.M. E.D.T., in Courtroom 9 of the United States Court of Federal Claims. In the event that the parties are able to reach an agreement prior to this date, the Court will cancel this hearing.

It is so ORDERED.